**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEZLIE J. GUNN,

Plaintiff-Appellant,

v.

HANS-PETER WILD,

Defendant-Appellee.

No.   18-15192

D.C. No.
2:17-cv-00072-JCM-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 17, 2019[**]
San Francisco, California

Before:  IKUTA and CHRISTEN, Circuit Judges, and MORRIS,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Lezlie Gunn appeals the district court's order dismissing her various contract and tort claims against Hans-Peter Wild for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The district court lacked general personal jurisdiction over Wild because he is not domiciled or otherwise at home in Nevada, notwithstanding his alleged contacts with Nevada. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

On the facts of this case, the district court lacked specific personal jurisdiction over Wild with respect to Gunn's claims that sound in contract because Wild did not purposefully avail himself of the privilege of conducting activities in Nevada by entering the Release and Settlement Agreement (RSA). *See Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). The RSA's choice of law clause, without more, does not constitute such purposeful availment. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985). Nor can the choice of law clause reasonably be read as an agreement to resolve legal disputes in Nevada. *See Kaldi v. Farmers Ins. Exch.*, 21 P.3d 16, 21 (Nev. 2001). Any agreement Gunn and Wild might have made regarding forum selection before signing the RSA was voided by

_____

[1] Because Nevada's jurisdictional statute allows for personal jurisdiction "over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States[,]" Nev. Rev. Stat. § 14.065, we apply the federal standard for personal jurisdiction, *see Walden v. Fiore*, 571 U.S. 277, 283 (2014).

paragraph 24 of the RSA.  While Gunn alleges she suffered damages in Nevada as a result of Wild's breach of the RSA, the relevant focus is Wild's purposeful availment of the privilege of conducting activities in Nevada.  *See Walden v. Fiore*, 571 U.S. 277, 290 (2014).

Nor did the district court have specific jurisdiction over Wild with respect to Gunn's claims that sound in tort because Wild did not expressly aim any alleged tortious conduct at Nevada.  *See Picot*, 780 F.3d at 1214.  Gunn points to no connection between Wild and Nevada with respect to her fraudulent or intentional misrepresentation claim; Wild's alleged promise to cure any breach of the RSA was not made in Nevada.  *See id.*  Further, Gunn fails to assert any connection between Wild's alleged conversion of Gunn's property and Nevada.  Gunn's own connections to Nevada do not give the court personal jurisdiction over Wild.  *See Walden*, 571 U.S. at 290.  Last, Gunn does not allege any connection between Wild and Nevada with respect to Wild's alleged defamation of Gunn or his alleged unreasonable publication of private facts.  *See id.*

Gunn's new allegation in her proposed second amended complaint that Wild sent a defamatory email to one of Gunn's brothers who is a Nevada resident does not constitute express aiming at Nevada, *see Walden*, 571 U.S. at 287–88, because Nevada was not the focal point of the defamation, *cf. Calder v. Jones*, 465 U.S.

783, 788–89 (1984).  Therefore, Gunn's proposed amendments were futile.

Because no other identified amendments would cure the lack of personal

jurisdiction, the district court did not abuse its discretion in denying Gunn leave to

amend the complaint.  *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*,

708 F.3d 1109, 1118 (9th Cir. 2013).

Finally, Gunn cannot show "actual and substantial prejudice" as a result of

the district court's denial of her requests for jurisdictional discovery, *Boschetto v.*

*Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (internal quotation marks omitted),

because the evidence she sought would not have established the district court's

personal jurisdiction over Wild.  Therefore, the district court did not abuse its

discretion in denying Gunn's requests for jurisdictional discovery.  *See id.*

**AFFIRMED.**